**NOT FOR PUBLICATION**                                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BARBARA JOHANNEMANN, | : | Hon. Faith S. Hochberg |
|  | : |  |
| Plaintiff, | : | Civil Case No. 09-1896 (FSH) |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| COMMISSIONER OF THE SOCIAL | : | May 6, 2010 |
| SECURITY ADMINISTRATION, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**HOCHBERG, District Judge**

This matter comes before the Court upon plaintiff's appeal of defendant's final decision to disallow plaintiff's claim of disability, filed pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706. Plaintiff raises four arguments: 1) the Administrative Law Judge ("ALJ") failed to consider evidence of psychiatric disability; 2) the ALJ relied on testimony of a medical advisor whose opinions were at a variance with the record; 3) the ALJ failed to properly assess plaintiff's complaints of extreme pain; and 4) the ALJ failed to consider testimony of the vocational expert in response to a hypothetical question involving plaintiff's alleged psychiatric impairments.

## I.     BACKGROUND

### A.     Medical History

Plaintiff is a 48 year old woman. The physical impairments giving rise to her claim of disability began in 1998 when she was hit by a car. Prior to that, she had been employed

as a hairdresser.  Her date of last insured was March 31, 2000.  In the accident, plaintiff sustained traumatic injuries to her neck, back, jaw, and left inner ear.  She has undergone surgery on her jaw and inner ear and received chiropractic treatment, physical therapy, and other remedies for back and neck pain.

Plaintiff has been diagnosed with post-traumatic stress disorder ("PTSD") and depression by Dr. Daniel Goldstein and Dr. Alberto Goldwaser.  Plaintiff reported to Dr. Goldstein that she was "forgetful, easily distracted, and easily frustrated."  Dr. Goldstein noted that plaintiff "cried readily" when she spoke about being unable to work and recommended that "[t]herapy should be directed towards helping her cope with her physical problems so that she could return to work."  Tr. 229.  Drs. Goldstein and Dr. Goldwaser recommended psychotropic medication, but plaintiff refused, preferring homeopathic treatments.

### B.    The ALJ's Decision

The regulations promulgated under the Social Security Act establish a five-step evaluation procedure to determine whether a claimant is disabled.  *See* 20 C.F.R. § 416.920. First, the Commissioner considers whether a claimant is currently engaged in substantial gainful activity.  If not, the Commissioner moves to the second step, considering whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities.  If the claimant has a severe impairment, the Commissioner moves to step three, where he decides whether, based solely on medical evidence, the claimant's impairment meets or equals the criteria of a Listed Impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If the claimant has a Listed Impairment, the Commissioner will consider the claimant disabled, ending the inquiry.  If the claimant does not satisfy the criteria of a Listed Impairment, however, the

2

Commissioner moves on to the fourth step.  Here the Commissioner decides whether the claimant retains the residual functional capacity to perform his or her past relevant work.  For these first four steps of the inquiry, the claimant has the burden of proof.

If the claimant is unable to perform his or her past work, the Commissioner decides under the fifth step whether other work exists that the claimant can perform.  For this final step, the burden of proof shifts to the Commissioner.

i.    <u>Step One</u>

The ALJ found that plaintiff has not engaged in substantial, gainful activity.

ii.   <u>Step Two</u>

The ALJ found that plaintiff has the following severe medical impairments: "musculoskeletal disorders of the neck and back; temporomandibular [upper jaw] joint arthritis and partial dislocation; and post-traumatic fistula of the left ear."

iii.  <u>Step Three</u>

The ALJ found that none of the foregoing impairments meets or equals the criteria of a Listed Impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.

iv.   <u>Step Four</u>

The ALJ found that plaintiff is unable to perform her past work as a hairdresser due to her impairments.

v.    <u>Step Five</u>

The ALJ found that plaintiff has the residual capacity to engage in a limited or narrow range of sedentary work activity, but is limited to jobs: "where she would be permitted to stand and stretch for 2-3 minutes each hour; where she could avoid concentrated exposure to

3

hazards such as machinery and heights; where she would not be required to move her head back and forth quickly; involve simple, one or two step job tasks; low stress jobs – that is, jobs which require only an occasional change in the work setting during the work day, and only an occasional change in decision-making required during the work day; and finally, that require only occasional contact with supervisors, co-workers and the general public."

A vocational expert testified that an individual with plaintiff's residual functional capacity was qualified to work as registration clerk, surveillance system monitor, sorter, document preparer, and bench worker.  He testified that there were 35,000 such jobs in the national market and 1400 in the region.  Asked by plaintiff's counsel to assume that the individual experienced numbness in her hands, which would prevent fine manipulation, he testified that the individual could perform all of the above jobs except bench worker, which would reduce the number of available jobs by 10-15%.  Based on this testimony, the ALJ determined that plaintiff was not disabled.

## C.    The ALJ's Consideration of Plaintiff's Psychiatric Impairment

Plaintiff submitted reports by Drs. Goldstein and Goldwaser to the ALJ.  On the psychiatric review technique form, a reviewing psychiatrist found that there was insufficient evidence of psychiatric disability prior to the date of last insured.  The ALJ did not discuss the psychiatric review technique or the reports of Drs. Goldstein and Goldwaser in her opinion.  At the hearing, the ALJ indicated that plaintiff's above-referenced limitation to "simple, one or two step job tasks; low stress jobs" would be due to depression.  That was not noted in the opinion.  Dr. Goldstein reported that plaintiff complained of being "forgetful and easily distracted."  That, too, was not mentioned in the ALJ's opinion.

4

At the hearing, the ALJ asked the vocational expert to assume that an individual with plaintiff's residual functional capacity would have trouble concentrating for more than 1/3 of the work day due to pain medication, dizziness, and fatigue.  The expert testified that the individual would be unemployable.  The ALJ asked the vocational expert to assume that, as a result of pain medication, dizziness, fatigue, and depression, an individual with plaintiff's residual functional capacity would have to miss three days of work per month.  The expert testified that the individual would be unemployable.

## II.   STANDARD OF REVIEW

The Court must uphold the Commissioner's findings of fact if "substantial evidence" exists in the record to support those findings.  42 U.S.C. § 405(g).  The Supreme Court has defined substantial evidence as "more than a mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This standard requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Therefore, the relevant inquiry here is whether the record provides evidence that would allow a reasonable mind to accept the ALJ's conclusion that plaintiff is not disabled.

## III.   DISCUSSION

Since the ALJ found in plaintiff's favor in Steps Two and Four of the required five-step analysis, each of issues raised on this appeal principally involves Step Five.[1]

---

[1]   Although plaintiff argues that the ALJ should have listed plaintiff's mental impairments among those she found to be severe at Step Two, this argument is unavailing. "Because the ALJ found in [plaintiff's] favor at Step Two, even if [she] had erroneously concluded that some of her other impairments were non-severe, any error was harmless."  *Salles v. Comm'r of SSA*, 229 F. App'x, 140, 145 n.2 (3d Cir. 2007).

### A.      Psychiatric Disability

Plaintiff argues that the ALJ failed to consider the evidence of plaintiff's alleged psychiatric disability in reaching her decision.  She cites the ALJ's failure to employ the psychiatric review technique required by 20 C.F.R. 404.1520a.  The Commissioner responds that the ALJ did consider plaintiff's documented psychiatric disorders in her ruling because she found that plaintiff's residual functional capacity was limited to jobs that "involve simple, one or two step job tasks; low stress jobs – that is, jobs which require only an occasional change in the work setting during the work day, and only an occasional change in decision-making required during the work day; and finally, that require only occasional contact with supervisors, co-workers and the general public."  Thus, the Commissioner argues that the ALJ's failure to document the review technique in her decision explicitly was at most harmless error.

The Commissioner's argument is not persuasive.  As shown by the hypotheticals posed by the ALJ to the vocational expert at the hearing, the degree of plaintiff's psychiatric impairment, if any, might be dispositive to a finding of disability.  The vocational expert testified that if plaintiff's impairments would cause her to be unable to concentrate for more than 1/3 of the day or to miss 3 days of work per month, she would be disabled under the meaning of the regulations.  The ALJ appears to have implicitly found that plaintiff's depression and/or PTSD would only limit her occupationally to simple tasks and little conduct with coworkers or the public.  But the ALJ did not articulate her consideration or rejection of the evidence of psychiatric impairment and the grounds for this implicit finding.  *Cf. Cotter v. Harris*, 642 F.2d 700, 704-07 (3d Cir. 1981).  On remand, the ALJ must articulate her findings regarding the

degree of plaintiff's psychiatric impairment and why plaintiff cannot have more than "limited" contact with supervisors or co-workers.

**B.**    **Plaintiff's Remaining Arguments**

Plaintiff advances three additional arguments.  None of them constitutes grounds for reversal.

i.    <u>Reliance on Medical Expert Testimony</u>

Plaintiff argues that the ALJ improperly credited the testimony of the medical advisor because it was at variance with the medical evidence on record and because the advisor refused to testify as to plaintiff's psychiatric impairment (admitting he was unqualified to do so). The Court rejects these arguments.

First, none of the reports of treating physicians prior to the date of last insured found limitations beyond those identified by the advisor.  Plaintiff identifies two areas in which the medical advisor "discounted" medical evidence of record: dizziness due to inner ear problems and plaintiff's complaints of severe pain.  With respect to the dizziness, the primary restriction noted by plaintiff's treating physician was that she cannot drive.  This is of no consequence – plaintiff has never driven.  Her physician also noted that her symptoms of dizziness and vertigo improved after inner ear surgery in 2000.  The medical advisor testified that plaintiff should be limited to sedentary work away from heavy machinery due to these symptoms. With respect to plaintiff's complaints of pain, plaintiff notes that her treating physicians reported that her back and neck pain caused difficulty in walking, bending, lifting, or sitting for prolonged periods of time.  The medical advisor accounted for these issues in his report.  He opined that she

should be constrained to sedentary work and be allowed to stand and stretch for 2-3 minutes every hour.

Second, the ALJ never stated that she relied on the advisor's opinion with respect to plaintiff's psychological impairment.  The fact that the advisor refused to testify on that subject, admitting that he was not qualified, is of no moment.

ii.    Complaints of Pain

Plaintiff argues that the ALJ improperly refused to credit her allegations of extreme pain.  This argument is without merit.  The ALJ properly evaluated plaintiff's complaints of pain in determining that such pain did not impose a disability.

To establish a disability, plaintiff must prove the existence of an underlying physical or mental impairment that could reasonably be expected to produce the symptoms alleged.  The impairment must be more than merely subjective – it must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  20 C.F.R. §§ 404.1529(b), 416.929(b); *accord Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).  The ALJ may discount a claim of pain that is supported by medical evidence only if there is contrary medical evidence.  *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

If there is a greater restriction that cannot be proven by objective medical evidence, the ALJ may consider the following factors: claimant's daily activities; the location, duration, frequency and intensity of pain; precipitating and aggravation factors; the type, dosage, effectiveness and adverse side-effects of medication; and any treatment or other measures used to relieve pain.  20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); *see* Social Security Ruling 96-7p.  As a result, the discretion to evaluate the credibility of plaintiff's testimony, and the power to

render a judgment in light of the medical findings and other evidence regarding a claimant's symptoms, lie with the Commissioner.  *Mims v. Sec'y of Health & Human Servs.*, 750 F.2d 180, 186 (2d Cir. 1984); *LaCorte v. Bowen*, 678 F. Supp. 80,83 (D.N.J. 1988); *Brown v. Schweiker*, 562 F. Supp. 284, 287 (E.D. Pa. 1983).

The ALJ reasonably found that Plaintiff's subjective complaints were not credible. The ALJ based this conclusion primarily on medical evidence that contradicts plaintiff's allegations.  As noted by Dr. Fechner, the medical advisor: plaintiff's lumbar MRI films did not show clear evidence of disc herniation; despite her complaints of lower back pain, there was no evidence of motor deficits or muscle atrophy; despite her complaints of chronic neck pain, cervical spine MRI films did not reveal any abnormal signal within the spinal cord and a physical examination did not reveal spinal cord widening; and according to a treating physician, Dr. Lehrer, plaintiff's dizziness and other symptoms related to her inner ear improved following surgery.  Tr. 23.

The ALJ's conclusion is buttressed by other factors.  Plaintiff's daily activities include shopping, cleaning, and cooking.  In 2005, plaintiff reported aching pain in her neck and back at a level of 3-4 on a scale of 10.  When asked by the ALJ why she could not perform sedentary work, plaintiff testified that she would be "bored" and that she "[doesn't] like sitting at a desk;" she did not list debilitating pain among her reasons.  Substantial evidence supports the ALJ's credibility determination.

      iii.     Testimony of the Vocational Expert

Plaintiff argues that the testimony of the vocational expert cannot be considered "substantial evidence" because it did not fully account for plaintiff's psychiatric impairments.

*See Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002).  However, the psychiatric reports and psychiatric review technique form did not identify any additional limitations that the ALJ's questions to the vocational expert failed to encompass.  The ALJ merely appears not to have credited certain potential psychological limitations that she included in her hypothetical questions.  *See* Section I.C, *supra*.  Thus, this argument only has merit to the extent it overlaps with the first: the ALJ did not sufficiently articulate her findings regarding plaintiff's psychiatric impairments.  This Court is unable to review whether the ALJ's hypothetical questions to the vocational expert sufficiently accounted for them.  On remand, the ALJ must make the required findings and ensure that her hypothetical questions to the vocational expert account for those psychiatric impairments that she identifies, if any.[2]

IV.     CONCLUSION

        For the reasons set forth herein, this case is remanded to the Administrative Law Judge for further proceedings consistent with this opinion.  An appropriate order will issue.


         /s/  Faith S. Hochberg
        Hon. Faith S. Hochberg, U.S.D.J.

---

[2]        The Court notes that the ALJ implicitly found that, apparently due to psychiatric impairments, plaintiff should be limited to jobs that require "only occasional contact with supervisors [and] co-workers."  Tr. 20.  As a practical matter, this appears to be a very substantial limitation, particularly taken together with other identified limitations, such as that the job be sedentary and involve only simple tasks.  *Id.*  On remand, the ALJ should articulate and, if necessary, elicit testimony concerning precisely what jobs meet this requirement in addition to the others identified by the ALJ in her opinion.

10